IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 04-310-CG-L** |
| ) | |
| **ALICE SHARON ROBERTS a/k/a** ) | |
| **SHARON M. ROBERTS, BOBBY L.** ) | |
| **ROBERTS, STATE OF ALABAMA** ) | |
| **DEPARTMENT OF REVENUE, ABA** ) | |
| **TRADERS INTERNATIONAL, INC.,** ) | |
| **S.E.E., INC.,** ) | |
| ) | |
| **Defendants.** | |

## ORDER

This matter is before the court on plaintiff's motion for summary judgment (Doc. 50), the response thereto of defendants Alice Sharon Roberts and Bobby L. Roberts (Doc. 54), plaintiff's reply (Doc. 56), plaintiff's motion to strike (Doc. 57), plaintiff's motion for judgment on the pleadings (Doc. 58), and the response of Alice Sharon Roberts to plaintiff's motion for judgment on the pleadings (Doc. 59). For the reasons stated below, the court finds that plaintiff's motion for judgment on the pleadings is due to be GRANTED. The court further finds that even if judgment on the pleadings were not granted in favor of plaintiff, summary judgment is due to be GRANTED in favor of the United States.

## FACTS

The United States filed this civil action to foreclose federal tax liens upon certain real property in the title and possession of defendants Bobby L. Roberts and Alice Sharon Roberts a/k/a Sharon M. Roberts in partial satisfaction of unpaid federal income tax liabilities for the tax years 1993, 1994, and

1

1995.  On the dates and in the amounts set forth below, a delegate of the Secretary of the Treasury of the United States made assessments for individual income tax, interest, and penalties against the defendants Alice Sharon Roberts a/k/a Sharon M. Roberts and Bobby L. Roberts, and issued notices of the assessments and demands for payment thereof to them in accordance with law:

| Tax Year | Date of Assessment | Amount Assessed | Interest Assessed | Penalties Assessed | Balance of Assessment* |
|---|---|---|---|---|---|
| 1993 | 11/21/94 | $110,791.00 | $4,178.47 | $7,811.92 | $122,781.39 |
| 1993 | 10/19/98 | | | $146.64 | $146.64 |
| 1993 | 12/09/02 | | $9,965.99 | $14,834.69 | $24,800.68 |
| 1994 | 08/19/96 | $24,825.00 | $3,612.07 | $8,974.76 | $37,411.83 |
| 1995 | 09/02/96 | $25,404.00 | $835.15 | $2,022.10 | $28,261.25 |

*Plus interest and statutory additions thereon as provided by law, less any payments or credits.

Plaintiff asserts that defendants have failed and refused to pay the amount of the tax liabilities described above, and that there is presently due and owing to the United States from them $174,806.70 as of January 28, 2005, less any credits since that date, plus further interest and statutory additions thereon as allowed by law, to the date of payment.

On September 25, 1995, a Notice of Federal Tax Lien was filed in the public records of Mobile County, Alabama, against Alice Sharon Roberts a/k/a Sharon M. Roberts and Bobby L. Roberts, with respect to their 1993 federal income tax liabilities.  (Doc. 51, Ex. 2, Notice of Federal Tax Lien).  On August 31, 1998, a Notice of Federal Tax Lien was filed in the public records of Mobile County, Alabama, against Alice Sharon Roberts a/k/a Sharon M. Roberts and Bobby L.

Roberts, with respect to their 1993, 1994, and 1995 federal income tax liabilities. (Doc. 51, Ex. 3, Notice of Federal Tax Lien).

On or before December 23, 1994, defendants Alice Sharon Roberts a/k/a Sharon M. Roberts and Bobby L. Roberts acquired certain Mobile County real property, located at 13300 Airport Boulevard, Mobile, Alabama. (Doc. 51, Ex. 4, Deed).  On May 7, 2003, the subject property was sold by defendant Magnolia Federal Bank for Savings n/k/a Union Planters Bank, N.A., at a non-judicial foreclosure sale to defendant River Capital, LLC. (Doc. 51, Ex. 5, Deed of Redemption). On or about May 27, 2003, defendant Bobby L. Roberts redeemed the subject property from defendant River Capital, LLC. (Doc. 51, Ex. 5, Deed of Redemption).

In response to plaintiff's motion for summary judgment, defendant, Alice Sharon Roberts, filed an affidavit (Doc. 54) which stated that she and her husband Bobby Roberts have made numerous payments to the IRS that "do not appear to have been credited" to their account. (Doc. 54, affidavit of Alice Sharon Roberts).  Mrs. Roberts also asserts in her affidavit that the 1993 assessment was based on income not actually received by defendants and contends that she intends to amend her 1993 return. According to Mrs. Roberts, once the amendment is made, "the entire liability for that year should be exhausted." (Doc. 54, affidavit of Alice Sharon Roberts).

The United States served discovery requests upon counsel for the Roberts on November 3, 2004.  The Roberts failed to respond to the discovery within the required time period.  On January 11, 2005, the United States moved to compel the Roberts to provide responses to requested discovery. This Court ordered the Roberts to respond and ordered the parties to advise the Court of the matters remaining in dispute on or before January 19, 2005.  The parties agreed

as follows:

> Defendants Alice Sharon Roberts a/k/a Sharon M. Roberts and Bobby L. Roberts agree to fully respond to the interrogatories and requests for production of the United States, without objection, such that said responses are received by the United States on or before January 28, 2005. In the event that such responses are not received by such date, the defendants Alice Sharon Roberts a/k/a Sharon M. Roberts and Bobby L. Roberts by this Statement agree to entry of judgment against them in this civil action.

(Doc. 48). The United States did not receive the responses to discovery by January 28, 2005, but instead received the responses on or about February 2, 2005. (Doc. 58, Vann Declaration). The Response to Interrogatories was signed by defendant Alice Sharon Roberts a/k/a Sharon M. Roberts on January 31, 2005.

## DISCUSSION

### I. Motion to Strike

The United States moves to strike the affidavit of Sharon Alice Roberts on the basis that Mrs. Roberts has not established that she has personal knowledge of the facts therein. The court finds that the affidavit is not material to the court's determination, as the result would be the same if the affidavit were considered by the court. Therefore, the court finds that the motion to strike is **MOOT**.

### II. Judgment on the Pleadings

By failing to meet the extended discovery deadlines set forth in the stipulation (Doc. 48), the Roberts have agreed to judgment against them. The Roberts' only response to plaintiff's motion for judgment on the pleadings is that "Defendant did place in Federal Express the required discovery responses on January 31, 2005." (Doc. 59). However, the Roberts had agreed that the United States would <u>receive</u> the responses on or before <u>January 28, 2005</u>. The Roberts clearly did not meet the

agreed deadline.  Because the court finds that the Roberts did not comply with the stipulation, the court finds it appropriate to order foreclosure of the real property at issue in this civil litigation.

**III.  Summary Judgment**

Even if judgment on the pleadings were not due to be entered based on the Roberts' stipulation, the court finds that summary judgment is due to be granted in favor of the United States.  The tax liens in question are based on the amounts reported in the Roberts' own tax returns.  Although Mrs. Roberts asserts that she intends to amend her 1993 tax return, that does not change the validity of the tax liens. Tax assessments are presumptively valid.  Welch v. Helvering, 290 U.S. 111, 115 (1933); United States v. Chila, 871 F.2d 1015, 1018 (11th Cir.1989), cert. denied, 493 U.S. 975 (1989); Olster v. Commissioner, 751 F.2d 1168, 1174 (11th Cir. 1985); United States v. Dixon, 672 F. Supp. 503, 506 (M.D. Ala. 1987), aff'd, 849 F.2d 1478 (11th Cir. 1988).  In this case, the taxpayer has the burden of overcoming the presumption of correctness by proving that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation. Olster, 751 F.2d at 1174 (citing Mersel v. United States, 420 F.2d 517, 520 (5th Cir. 1970)); Dixon, 672 F. Supp. at 506.

Mrs. Roberts contends that she and her husband have made numerous payments to the IRS that "do not appear to have been credited" to their account. (Doc. 54, affidavit of Alice Sharon Roberts).   However, the Roberts have presented no evidence to support their contention that the United States' calculations are incorrect.  Upon motion for summary judgment, once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing

5

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The court finds that the Roberts' bare assertion that some payments "do not appear to have been credited" is insufficient to create a material question of fact. Discovery has closed in this case, yet the Roberts have produced nothing to document their conclusion that payments were not credited. The court finds that, after considering the pleadings, depositions, answers to interrogatories, and admissions and affidavits on file, that there is no genuine issue as to any material fact.[1] The court concludes that the tax assessments against the Roberts are valid and enforceable.

## CONCLUSION

For the reasons stated above, the motion of the United States for judgment on the pleadings (Doc 59) is **GRANTED.** The court will enter a Decree of Foreclosure and Order of Sale.

**DONE and ORDERED** this 18th day of April, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Andersonv[v. Liberty Lobby], 477 U.S. [242] at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).