IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 04-310-CG-L |
| ALICE SHARON ROBERTS a/k/a | ) |
| SHARON M. ROBERTS, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on the motion of defendant, S.E.E., Inc., to compel (Doc. 73), the State of Alabama's joinder in that motion (Doc. 75), and the United States' opposition thereto (Doc. 77).  For the reasons stated below, the motions to compel are due to be **DENIED**.

## BACKGROUND

The United States filed this action seeking foreclosure of federal tax liens for federal income taxes owed by defendants, Alice and Bobby Roberts.  Defendants, S.E.E., Inc., and the State of Alabama, were named as entities that may claim an interest in the parcel of real property that the United States sought to foreclose upon.  During the course of the litigation, the parties stipulated as to the priority of the parties' claims against the property. (Doc. 66).  On April 18, 2005, the court entered a decree of foreclosure and order of sale which was later amended to give the Roberts additional time to vacate the property. (Docs. 68, 71).  The order found that the Roberts were indebted to the United States in the total amount of $174,806.70 as of January 28, 2005, and, pursuant to the parties' stipulation, specified the order in which the proceeds from the

1

sale would be applied towards the claims asserted by the parties. (Docs. 68, 71).  The sale of the property was subject to confirmation by this court. (Docs 68, 71).  In February 2006, prior to the sale of the property, the United States settled their claim against the Roberts.  Defendant, S.E.E., Inc., asserts that it has not received any proceeds from the sale of the property and has received no documentation showing that the sale of the property ever occurred.  The United States reports that it settled its claim with the Roberts prior to sale of the property and that it no longer seeks to foreclose tax liens against the Roberts and seeks no further relief in this proceeding.  The United States received payment from the Roberts of an agreed amount which was deposited into the United States Treasury.

## **DISCUSSION**

S.E.E., Inc., and the State of Alabama request that the United States be ordered to pay any funds collected from the Roberts into the court to be distributed pursuant to the parties stipulation.  They further move to compel the United States to comply with this courts' order of foreclosure and sell the property with the proceeds to be distributed as set forth in the order.  However, the parties have not offered, and this court has been unable to find, any support for such relief.  This action was brought by the United States to satisfy tax liens that have apparently been settled and released.   Plaintiff reports that the Roberts paid their claim and that the United States no longer has an actionable claim in this case.  The court notes that claims are commonly settled at all stages of litigation, including post judgment.  The fact that the court has granted relief does not prohibit parties from agreeing to different relief.   While S.E.E., Inc., and the State of Alabama were named as defendants in this case, they stood to benefit from the action through

payment of their claims against the Roberts.  Unfortunately, the settlement results in these defendants' liens against the property at issue remaining unpaid.  However, their liens remain unaffected.  The funds received by the United States through settlement were apparently not derived from property subject to liens by S.E.E., Inc., and the State of Alabama.  Thus, the court does not find it appropriate to require that the funds received by the United States be paid into the court or to compel the United States to sell property in which it no longer has an interest.

     Nor does the court find it appropriate to order the United States to pay defendants' expenses for litigating this case.  In the federal judicial system, which operates under the "American Rule," each litigant typically bears responsibility for his own attorney's fees.  Baynham v. PMI Mortgage, 313 F.3d 1337, 1340 (11th Cir.2002).  There are some exceptions to the American Rule; however, none are applicable here.  There is no evidence of an applicable statute or enforceable contract between the parties regarding attorney's fees.  Nor does the court find that the United States willfully disobeyed a court order or acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  See Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 258-259, 95 S.Ct. 1612, 1622-1623 ("a court may assess attorneys' fees for the willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons..." citations and internal quotations omitted ).  The court finds that the United States' actions in filing and litigating this case were appropriate.  The only fault the court might find is that the United States failed to promptly inform the defendants of the settlement.  However, defendant S.E.E., Inc., was eventually informed of the settlement.  S.E.E., Inc., states in its motion that, upon inquiry, it was informed that there was a settlement and that the sale of the property would not be carried out. (Doc. 73, ¶ 7).  There is no indication that

S.E.E., Inc., or the State of Alabama incurred any expenses resulting from the United States' delay in informing defendants.

## **CONCLUSION**

For the reasons stated above, the motions of defendants, S.E.E., Inc., and the State of Alabama to compel (Docs. 73, 75) are **DENIED.**

**DONE and ORDERED** this 15th day of December, 2006.

>   /s/ Callie V. S. Granade
>   CHIEF UNITED STATES DISTRICT JUDGE